WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

THERESA BROOKE, )
)
                                Plaintiff, )
    vs. )
)
AIRPORT HOTEL, LLC, an Arizona Limited )
Liability Company, d/b/a Econo Lodge Phoenix )
Airport, )
) No. 2:15-cv-1149-HRH
                              Defendant. )
_____)

O R D E R

Motion to Dismiss

     Defendant has filed a combined motion to dismiss for lack of jurisdiction, for failure to state a claim, and for a more definite statement.[1] Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(e). The motion is opposed. Oral argument has not been requested and is not deemed necessary.

     Plaintiff's verified complaint is founded upon Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and Arizona Revised Statutes, Title 41, Chapter 9, Article 8, §§ 41-1492, et seq. Plaintiff alleges that she is disabled because she is confined to a wheelchair. She alleges that defendant operates a public accommodation that is not fully accessible to disabled persons.[2]

---

    [1]Docket No. 12.

    [2]Verified Complaint at 2, Docket No. 1.

Order – Motion to Dismiss                                                                                     - 1 -

Pertinent to the pending motion to dismiss, plaintiff further alleges the following.

(1)  Plaintiff contacted defendant's hotel on June 18, 2015, for purposes of booking a room, inquired whether defendant's pool had a lift or other means of access for disabled persons, and was told that the hotel pool did not have such a lift.  Plaintiff further alleges that an independent investigation verified the lack of a pool lift.[3]

(2)  Plaintiff alleges that based upon "personal knowledge of at least one barrier related to her disability, that is, the pool is inaccessible to her by virtue of her confinement to a wheel chair, [she] is currently deterred from visiting Defendant's accommodation by this accessibility barrier."[4]  Plaintiff alleges that "she has suffered an injury-in-fact" by reason of the foregoing.[5]

(3)  Plaintiff alleges that she "intends to travel to the Phoenix area in the future for pleasure trips and to visit medical professionals and stay at hotels in the Phoenix area."[6]

(4)  Plaintiff alleges that "[t]he existence of barriers to use the pool at Defendant's hotel deterred Plaintiff from staying or returning to seek accommodations at Defendant's hotel."[7]

---

[3] Id. at 4-5.

[4] Id. at 5.

[5] Id.

[6] Id.

[7] Id.

(5)    Plaintiff alleges that she is "injured by Defendant's discriminatory practices and failure to remove architectural barriers." The injury is alleged to "include being deterred from using Defendant's facilities due to the inaccessibility of Defendant's pool[.]"[8]

## Introduction

By way of introduction to its motion to dismiss, defendant points out that plaintiff has filed multiple, "generic" lawsuits. Defendant alleges that plaintiff is "targeting" "mom-and-pop" businesses that cannot afford to defend claims such as that brought here.

Plaintiff is the potential victim here, not the defendant. The fact that plaintiff has filed multiple suits (in excess of 50 at last count) is not relevant to the instant motion. "For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1062 (9th Cir. 2007).

## Standing

Defendant contends that this court is without jurisdiction because plaintiff lacks standing. In order to establish standing, plaintiff must have suffered a concrete, actual injury (injury-in-fact) that is fairly traceable to the alleged injury (causation) and that the injury will likely be favorably redressed through the litigation (redressability). Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In a case also initiated by Ms. Brooke, Judge Snow of this court addressed the sufficiency of a complaint very similar to that brought in this case. Judge Snow addressed the standing issue which defendant raises here, holding:

---

[8] Id. at 6.

> When a disabled individual encounters or becomes aware of alleged ADA violations that deter her patronage of or otherwise interfere with her access to a place of public accommodation, she has suffered an injury in fact traceable to defendant's conduct and capable of Court redress....
>
> To meet the "real and immediate threat of repeated injury" requirement for injunctive relief, a plaintiff who has suffered injury-in-fact can demonstrate either that: (1) "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier;" or (2) "discriminatory architectural barriers deter him from returning to a noncompliant accommodation."

Brooke v. Joie de Vivre Hospitality, LLC, No. 2:15-cv-00281. See Order (May 20, 2015), Docket No. 11 at 3-4 (quoting Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 950 (9th Cir. 2011)).  Here, as well as in Joie de Vivre, plaintiff has not alleged that she personally experienced an accessibility barrier at defendant's accommodation.  As to this, Judge Snow held in Joie de Vivre:

> although Plaintiff has not stayed at Defendant's hotel, Plaintiff pleads that she independently verified the absence of a compliant pool lift at the hotel, and that she would consider staying at the hotel if the ADA violations were remedied. An ADA plaintiff who alleges that she has visited a public accommodation on a prior occasion or has personal knowledge of at least one barrier related to her disability and is currently deterred from visiting that accommodation by accessibility barriers has suffered an injury-in-fact for the purpose of Article III [of the ADA].

Joie de Vivre, Order at 5 (citing Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1043-44 (9th Cir. 2008) (emphasis added).

In Joie de Vivre, Judge Snow held that plaintiff had failed to allege that the absence of a pool lift was related to her disability and that plaintiff had failed to allege any likelihood of her staying at defendant's hotel even if the facilities were made accessible.  In her verified complaint in this case, plaintiff has taken Judge Snow's ruling to heart and, as set out above, has alleged personal knowledge of a barrier related to her

Order – Motion to Dismiss                                                                                                          - 4 -

disability which currently deters her from visiting defendant's premises. Likewise, plaintiff has in this case addressed the "real and immediate threat of repeated injury" aspect of Judge Snow's ruling. Plaintiff alleges that she intends traveling to the Phoenix area for pleasure and medical treatment, and that the existence of barriers to use of defendant's pools will deter her from staying at defendant's hotel.

The court finds that plaintiff has met the requirements of the first (injury-in-fact) and second (causation) elements necessary to establish Article III standing to sue. The court takes up the third element (redressability) in what follows with respect to defendant's mootness argument.

## Mootness

In her verified complaint, plaintiff alleges that she contacted defendant's hotel (presumably by telephone or computer) for purposes of booking a room. She learned that defendant's accommodation had a pool. She avers that defendant's representative advised that the pool was not equipped with a pool lift. Plaintiff alleges that the absence of a pool lift was verified independently. Going outside the four corners of plaintiff's complaint for purposes of addressing both the redressability element for standing and the defendant's mootness argument, in a declaration submitted by defendant it is represented that on or about June 30, 2015 (approximately twelve days after plaintiff's inquiry and four days after defendant was served with plaintiff's complaint),[9] defendant ordered a pool lift for its accommodation and that the lift was delivered July 30, 2015. Defendant alleges that the pool lift was "scheduled for installation immediately thereafter."[10]

---

[9] Docket No. 6.

[10] Motion to Dismiss, Declaration of Dipesh Patel, page 3 of 7, ¶ 4, Docket No. 12-2.

Defendant's above representations are a further verification that, from at least June 30 through July 30, 2015, the pool at defendant's premises was not equipped with a lift that would accommodate a wheelchair bound individual such as plaintiff. But defendant's declaration also represents that between June 23, 2015 (before service of plaintiff's complaint but five days after plaintiff contacted defendant seeking accommodation), and until an ADA compliant pool lift was installed, "the pool and the immediately surrounding area [was] closed for maintenance."[11] Defendant's declaration also denies "knowledge" of plaintiff's June 18, 2015, contact with defendant's accommodation.[12]

It is clear that plaintiff's inquiry about accommodation at defendant's hotel on June 18, 2015, prompted defendant to order eight pool lifts, one for defendant's premises and seven others/more for other jointly-managed hotels.[13] Finally, defendant's declaration[14] includes a conclusory statement that the pool lift which was ordered for defendant is ADA compliant.

Looking only at plaintiff's verified complaint, plaintiff's injury-in-fact was plainly redressable as of the date the complaint was filed. An injunction requiring installation of pool lifts at defendant's accommodation would cure the injury. The facts, some of which

---

[11]Id., Declaration of Dipesh Patel, page 3 of 7, ¶ 6.

[12]Id., Declaration of Dipesh Patel, page 3 of 7, ¶ 5.

[13]Please recall that plaintiff contacted defendant on June 18; defendant alleges that its pool area was closed June 23, 2015. Defendant was served with the complaint in this case on June 26, 2015. It is of course possible that defendant just happened to close its pool for maintenance on June 23, before it knew of plaintiff's suit, for reasons other than plaintiff's inquiry about accommodation with a pool lift. Plainly, it take will discovery to sort out the facts of this case.

[14]Motion to Dismiss, Declaration of Dipesh Patel, page 3 of 8, ¶ 7, Docket No. 11-2.

Order – Motion to Dismiss                                                                - 6 -

could not have been known by plaintiff (that is, closure of defendant's pool and the ordering of a pool lift) may or may not have rendered plaintiff's complaint moot. Defendant's representation that a pool lift was delivered July 30 "for installation immediately" is a bit equivocal as to whether an ADA compliant lift on defendant's pool has in fact been installed.[15] The court has no concrete evidence that the pool lift ordered by defendant is in fact ADA compliant. There is a dispute as to whether or not plaintiff contacted defendant's accommodation on June 18, 2015. These factual uncertainties cannot be resolved on motion to dismiss. The court is unconvinced that plaintiff's complaint is moot. Plaintiff has standing to sue. Her complaint states a redressable claim for injunctive relief based upon Title III of the ADA.

Defendant's motion to dismiss based upon Rule 12(b)(1) and (b)(6) is denied.

## Jurisdiction of State Law Claims

Defendant would have the court refuse jurisdiction of state law matters if plaintiff's federal claim is dismissed. Because the court declines to dismiss plaintiff's federal claim, it also declines to dismiss plaintiff's state law claim.

## Failure to State a Claim

Defendant contends that plaintiff's complaint lacks the requisite specificity or particularity required by Rule 8, Federal Rules of Civil Procedure. The court disagrees. Plaintiff's verified complaint contains a "short and plain statement of the claim showing that the pleader is entitled to relief such that the defendant has fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Plaintiff's complaint meets this standard. Plaintiff's

---

[15]In a late-filed declaration, defendant represents that by September 9, 2015, a pool lift had been installed. Docket No. 19.

complaint does not fail to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570)).

## More Definite Statement

In the alternative, defendant seeks a more definite statement of plaintiff's complaint.  Fed. R. Civ. P. 12(e).  When a plaintiff's complaint "is so vague or ambiguous that the party cannot reasonably prepare a response," a motion for a more definite statement is appropriately granted.  The allegations of plaintiff's complaint are neither vague nor ambiguous.  Indeed, it is very clear from defendant's motion to dismiss that defendant very well understands what this case is about.

## Conclusion

The motion to dismiss pursuant to Rule 12(b)(1), 12(b)(6), and 12(e) is denied.

DATED at Anchorage, Alaska, this  16th  day of September, 2015.

/s/ H. Russel Holland
United States District Judge